UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERIA N. BELLE-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18CV369 HEA |
| | ) |
| AFL-CIO LOCAL 420 TEACHERS UNION | ) |
| and MARY ARMSTRONG, d/b/a AFL-CIO | ) |
| LOCAL 420 TEACHERS UNION, | ) |
| | ) |
| Defendant, | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 6]. Plaintiff filed a response in which she sought remand, however, Plaintiff has subsequently asked to "rescind" the requested remand. Plaintiff has failed to specifically address the basis for dismissal presented by Defendant. For the reasons set forth below, the Motion will be granted.

### **Procedural Background**

Plaintiff originally filed her Petition, *pro se*, in the Circuit Court of the City of St. Louis. Defendant removed the case to this Court on March 6, 2018 under 28 U.S.C. § 1331 since Plaintiff's Petition alleges violations of a variety of federal constitutional violations, 42 U.S.C. § 1983, and claims based on international law.

Defendant now moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Factual Background

Defendant has set forth the factual backdrop to Plaintiff's Petition through documents filed with the Missouri commission on Human Rights and the Circuit Court of the City of St. Louis. When considering whether a complaint fails to state a claim upon which relief may be granted, the court must generally ignore materials outside the pleadings, but may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. *See Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quotations and citation omitted). These filings are part of the public record and do not contradict the Petition, and therefore it is proper for them to be set out herein.

Plaintiff was a tenured teacher with the St. Louis Public School system ("SLPS") in 2015. On May 8, 2015, the SLPS issued a Statement of Charges and Notice of Hearing ("SOC") seeking plaintiff's termination. The SOC alleged that plaintiff displayed a number of performance problems which led her principal to seek a meeting with her. The SOC further alleged that plaintiff failed to initially appear for the meeting, and that when she was located and compelled to attend she behaved in a bizarre manner by, inter alia, eating yogurt out of a container with her

fingers and refusing to sign documents. The SOC claimed that at subsequently scheduled meetings plaintiff either failed to appear or again behaved unprofessionally (by engaging in personal text messaging, refusing to sign documents, and leaving abruptly).

On June 10, 2015, a hearing was held on the charges raised in the SOC. The hearing was conducted before a hearing officer appointed by the Special Administration Board of the Transitional School District of the City of St. Louis ("SAB") at which plaintiff was represented by attorney George Suggs, who at that time was AFT Local 420's legal counsel. Following the hearing, the SAB upheld the SOC against plaintiff and discharged plaintiff from her employment with SLPS.

Plaintiff thereafter filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") against AFT Local 420. Attorney Suggs submitted a position statement to the MCHR. On November 22, 2016, the MCHR issued a right-to-sue notice.

On February 22, 2017, plaintiff filed a petition against AFT Local 420 in the Circuit Court of the City of St. Louis, alleging unlawful discrimination. Attorney Suggs filed a motion to dismiss on the grounds that the action was not filed within ninety (90) days of the MCHR's issuance of the right-to-sue notice, as required by

Mo.Rev.Stat. §213.111.1. The case was ultimately dismissed without prejudice due to plaintiff's failure to appear.

Plaintiff's Petition, though not a model of clarity, alleges that she was discharged from her employment erroneously, citing 18 U.S.C. §§ 241 and 242, the Fifth Amendment to the United States Constitution, the Fourth Amendment to the U.S. Constitution, and the National Labor Relations Act, 29 U.S.C. § 151, 42 U.S.C. §1983, and the "Treaty of Peace and Friendship of 1836 A.D. Between Morocco and the United States."

## Legal Standards

In examining a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court accepts all of Plaintiff's factual allegations as true and construes those allegations in Plaintiff's favor. *Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017). To survive such a motion, Plaintiff's complaint "must include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). Put simply, Plaintiff's claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Discussion

The Court agrees that the Petition fails to set forth facts adequate to establish subject matter jurisdiction or sufficient to state a claim. In addition, Plaintiff's argument in favor of treating the Motion to Dismiss as a motion for summary judgment fails since the CBA is at the heart of the matter and is "necessarily embraced" by the Petition.

The Court disagrees with Defendant's argument that the Petition *must* be dismissed. Title 18 of the United States Code is a criminal statute which provides no private cause of action.

The Fifth Amendment provides for due process between the federal government and individual citizens. The federal government is not a party to this action, and therefore, the Fifth Amendment is not implicated in this action.

Likewise, the Fourth Amendment, which protects individuals from unreasonable search and seizure, has no application to these defendants.

Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 151 excludes state governments and their political subdivisions, *i.e.*, the SLPS, from coverage under the NLRA. The NLRA is a statute which governs private sector employees and labor unions.

Section 1983 of Title 42 United States Code mandates that a constitutional right must be violated in order for a private citizen to bring an action against one

acting under color of state law, *i.e.*, a state actor. There are absolutely no allegations that the defendants herein are state actors.

Plaintiff fails to make any allegations that the "Treaty of Peace and Friendship of 1836 A.D. Between Morocco and the United States" provides her with a right to bring any action against defendants.

Defendant AFT Local 420 is correct in arguing that Plaintiff's claim that a public employer must bargain in good faith pursuant to Article I, Section 29 of the Missouri Constitution is misplaced. The collective bargaining obligation is between the public employer and the union chosen by the employees as their bargaining representative (in this case, AFT Local 420). Article I, Section 29of the Missouri Constitution "requires the [school] board to meet and confer with the union, in good faith." *American Federation of Teachers v. Ledbetter*, 387 S.W.3d 360 (Mo. banc 2012). The Local has made no such claim regarding Plaintiff's discharge.

The allegations against Mary Armstrong are minor; Plaintiff states that Defendant Armstrong is/was the President of Plaintiff's Local and that Plaintiff lost the election for that office to Defendant Armstrong. These allegations are insufficient to raise a plausible claim for relief.

Based upon the foregoing analysis, Plaintiff's Petition fails to state a cause of action and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 6] is **GRANTED** .

**IT IS FURTHER ORDERED** that Plaintiff's Petition is dismissed.

Dated this 18th day of October, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE